IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AQUA TEXAS, INC., | § | NO. 1:23-CV-1576-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| HAYS TRINITY GROUNDWATER | § | |
| CONSERVATION DISTRICT, | § | |
| | § | |
| Defendant, | § | |
| | § | |
| and | § | |
| | § | |
| TRINITY EDWARDS SPRINGS | § | |
| PROTECTION ASSOCIATION, | § | |
| | § | |
| Intervenor. | § | |
| _____ | § | |

ORDER: (1) ADOPTING REPORT AND RECOMMENDATION; AND
(2) DENYING MOTION FOR SANCTIONS

Before the Court is a Report and Recommendation (the "Report") (Dkt. # 108) submitted by United States Magistrate Judge Susan Hightower. The Court finds this matter suitable for disposition without a hearing. After reviewing the Report, the Court **ADOPTS** Judge Hightower's recommendation and **DENIES** Plaintiff Aqua Texas, Inc.'s ("Aqua" or "Plaintiff") Motion for Sanctions (Dkt. # 79).

BACKGROUND

The background facts of this case have been laid out in previous Orders.  (Dkts. ## 31, 50.)  Aqua is a Texas retail public utility corporation that provides water and wastewater service to residential customers; it brings this civil rights suit against Defendant Hays Trinity Groundwater Conservation District ("District"), a groundwater conservation district located in western Hays County, Texas.  Aqua alleges that the District "has repeatedly exceeded its statutory authority, disregarded its own rules and precedent, and weaponized its regulatory authority to target Aqua Texas."  (Dkt. # 61 at ¶ 1.)

In its First Amended Complaint, Aqua asserts: (1) equal protection and procedural due process claims; (2) the District's refusal to allow Aqua to use its groundwater is an unconstitutional taking; (3) the District's penalty fee, permitting moratorium, and attempted regulation of "waste" exceeds its statutory authority; (4) the District's permitting moratorium deprives Aqua of its vested statutory rights under Chapter 245 of the Texas Local Government Code; and (5) the District violated the Texas Water Code and the Texas Open Meetings Act by adopting unnoticed rules without public comment.  (Dkt. # 61.)  Aqua seeks monetary damages, attorneys' fees, and preliminary and permanent injunctions enjoining the District from enforcing its moratorium on permits to Aqua and assessing penalty fees against it.  (Id.)

The District denies Aqua's allegations and asserts counterclaims. (Dkt. # 62.) The District alleges that Aqua violated District rules by "over-pumping its operating permits to withdraw groundwater from the Trinity Aquifer, withdrawing groundwater without required operating permits, wasting groundwater and failing to timely file required monthly and quarterly groundwater pumping reports." (Id. ¶ 1.) The District further alleges that Aqua failed to cap or plug six abandoned and/or deteriorated wells, in violation of District rules, the Texas Occupations Code, and Texas Department of Licensing and Regulation rules. (Id. ¶72.) The District seeks civil penalties under the Texas Water Code and Texas Occupations Code of up to $10,000 for each violation, attorneys' fees, and injunctive relief ensuring that Aqua complies with its permit and District rules. (Id. ¶ 75.)

On July 30, 2025, Aqua filed a motion for sanctions against the District. (Dkt. # 79.) On August 5, 2025, the Court referred this matter to Magistrate Judge Hightower. On October 3, 2025, Judge Hightower entered her Report, recommending the Court deny the motion for sanctions. (Dkt. # 108.) On October 16, 2025, Aqua filed its objections to the Report. (Dkt. # 112.) The Court will address the objections to the Report below.

## APPLICABLE LAW

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

## DISCUSSION

Aqua moves for sanctions against the District on the basis that it violated Rule 11(b)(3) of the Federal Rules of Civil Procedure when it brought counterclaims against Aqua without any evidentiary support. (Dkt. # 79.) Aqua

4

asks that the counterclaims against it be dismissed and monetary sanctions be imposed. (Id.)

In her Report, Judge Hightower determined that sanctions were not warranted against the District in this case because she found that the District had made a "reasonable inquiry" into the facts and law of its case before filing the counterclaims. (Dkt. # 108 at 3–4.) For this reason, Judge Hightower recommended the Court deny Aqua's motion for sanctions. (Id.) Aqua objects to the Magistrate Judge's finding that the District properly investigated its counterclaims prior to bringing them against Aqua. (Dkt. # 112.)

Upon careful de novo review, the Court agrees with the Magistrate Judge's conclusions in this case. At the pleading stage, the Court finds there is no basis to sanction the District's conduct at this time and should evidentiary support be lacking for its claims, then Aqua may present such in a later stage of this case, or upon summary judgment. The District has demonstrated at this time that it made a sufficient inquiry into the law and facts of this case prior to bringing its counterclaims and the Court declines to issue sanctions. (See Dkt. # 82; Dkt. # 82-1.)

CONCLUSION

Having reviewed the Magistrate Judge's findings and conclusions and finding no errors, the Court will accept and adopt the Report and Recommendation for the reasons stated therein. Thus, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court (Dkt. # 108) and **DENIES** Aqua's Motion for Sanctions (Dkt. # 79).

**IT IS SO ORDERED.**

**DATE:** Austin, Texas, December 17, 2025.

_____
David Alan Ezra
Senior United States District Judge